

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,128-01

### EX PARTE SANTIAGO JIMMY DICKSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1280036-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and sentenced to twenty-five years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Dickson v. State*, No. 14-11-00886-CR (Tex. App.—Houston [14th Dist.] Feb. 28, 2013) (not designated for publication).

In two grounds, Applicant contends that his trial counsel rendered ineffective assistance. He argues that counsel did not prepare for trial, investigate Applicant's concerns or the State's discovery, prepare witnesses (including Applicant) for their testimony, and did not consult with a

mental health professional. Applicant also argues that counsel did not fully advise Applicant of the options to have either the court or jury assess punishment. Finally, Applicant alleges that counsel did not tell him he had a right to have witnesses testify on his behalf at punishment. The habeas court recommended dismissing the writ application because it was non-compliant, but made no findings addressing Applicant's compliant, amended writ application that was filed in response to the court's initial findings.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. In addition to making specific findings addressing the issues in Applicant's first ineffective assistance of counsel ground, the trial court shall also make specific findings of fact addressing how counsel advised Applicant of his punishment options, and whether

Applicant understood that he could offer evidence on his behalf in a punishment hearing. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 3, 2016
Do not publish